DECISION AND JUDGMENT ENTRY
{¶ 1} According to Jon Gramza, on December 10, 2001, appellant, Keith Bryant, approached Gramza as he waited for a bus. Gramza later testified that appellant pulled a gun from his pocket and demanded that Gramza hand over his money and his wrist watch. Since Gramza had no money, he reported, appellant took only his watch and fled.
 {¶ 2} Appellant was later arrested and indicted on one count of aggravated robbery with a weapon specification and one count of robbery. The matter proceeded to a trial before a jury, which acquitted appellant of the aggravated robbery count and specification, but convicted him of robbery. Appellant now appeals his conviction, arguing in a single assignment of error that his conviction was not supported by the evidence and was against the manifest weight of the evidence.
 {¶ 3} Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
 {¶ 4} The standards for both sufficiency of the evidence of the evidence and manifest weight are set forth in State v. Thompkins (1997),78 Ohio St.3d 380, 386-387. We have carefully reviewed the record in this matter and conclude that there was sufficient evidence submitted by which a rational trier of fact could have found the essential elements of robbery proven beyond a reasonable doubt. Moreover, we find no suggestion that the jury lost its way or that a manifest miscarriage of justice occurred.
 {¶ 5} Accordingly, appellant's sole assignment of error is not well taken.
 {¶ 6} The judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., and Arlene Singer,J., CONCUR.